IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA CUSHMAN<br>321 Hamlet Drive<br>Chalfont, PA 18914<br><br>*Plaintiff,*<br><br>vs.<br><br>AMETEK, INC.<br>c/o Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files this Complaint against Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against Defendant for unlawful violations of the Americans with Disabilities Act ("ADA") and other applicable law.

### PARTIES

2. Plaintiff is an adult individual currently residing at the above-captioned address.

3. Defendant, Amatek, Inc. ("Defendant") is believed and therefore averred to be a corporation that exists and operates pursuant to the laws of the State of Delaware with a registered agent for service of process at the above-captioned address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

5. Defendant is an "employer" within the meaning of the Americans with Disabilities Act of 1990 because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant is an "employer" within the meaning of the Family Medical and Leave Act ("FMLA") as it engages in commerce, or in any industry or activity affecting commerce, and has fifty ("50") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under the ADA and the PHRA.

15. Plaintiff filed a timely written charge of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission alleging discrimination on or about August 14, 2015 (EEOC No. 530-2015-04262).

16. Plaintiff's complaint was cross-filed with the Pennsylvania Human Relations Commission.

17. The instant action is timely because it is initiated within ninety ("90") days after the receipt of a Right to Sue letter from the EEOC mailed on or about June 8, 2016.

18. Plaintiff has exhausted administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. Plaintiff is a former employee of the Defendant.

21. Plaintiff worked for the Defendant as an HR program manager.

22. Plaintiff began employment on May 27, 2014 and began to work from home on June 19, 2014 due to a disability.

23. Specifically, Plaintiff suffers from fibromyalgia.

24. As a result of disparate treatment and unlawful harassment, Plaintiff filed the EEOC charge of discrimination attached hereto and incorporated by reference as Exhibit "A" on or about August 14, 2015.

25. The events referenced in Exhibit "A" also violate the Family and Medical Leave Act ("FMLA").

## COUNT I
### Americans with Disabilities Act ("ADA")

26. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

27. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because she had a record of such impairment.

28. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

29. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of disability or perceived disability.

30. Alternatively, as permitted by Fed.R.Civ.P. 8(d)(2), Plaintiff was subjected to an unlawful hostile work environment.

31. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT II
### Pennsylvania Human Relations Act ("PHRA")

32. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

33. The Defendant also violated the PHRA by their discriminatory actions against Plaintiff.

34. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT III
### FMLA Interference and/or Retaliation

35. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

36. It is believed and therefore averred Plaintiff was an "eligible employee" within the meaning of the FMLA because he was:

    a. employed by Defendant for a period of at least twelve (12) months; and

    b. worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of her FMLA leave.

37. Plaintiff was entitled to FMLA leave and protections associated thereto.

38. Defendant interfered with Plaintiff's FMLA rights and/or alternatively, as permitted by Fed.R.Civ.P. 8(d)(2), retaliated against Plaintiff for utilizing his FMLA rights or rights that would be otherwise qualified under the FMLA.

39. Specifically, employers cannot use the taking of FMLA qualified leave as a negative factor in employment actions, such as hiring, promotions or *disciplinary* actions. 29 CFR 825.220(c).

40. As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that the Court enter judgment in her favor and against each Defendant and that it enters an Order as follows:

    a. Each Defendant is to be permanently enjoined from engaging in discrimination against the Plaintiff on any other basis prohibited under applicable law;

    b. Each Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

    c. Each Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be

ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d.  To the extent available as a remedy as a matter of law, each Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e.  The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by each Defendant's actions to the extent they are available as a matter of law;

f.  The Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish each Defendant for its willful, deliberate, malicious and outrageous conduct and to deter each Defendant or other employers from engaging in such misconduct in the future;

g.  The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h.  The Plaintiff is to be awarded the costs and expenses of this action and attorneys fees as provided by applicable federal and state law;

i. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal and/or state law and to reflect the tax consequences thereof;

j. The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure each Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

l. Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

*Attorneys for Plaintiff*

Dated: September 6, 2016